IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CGI FINANCE, INC.** | \* |
| Plaintiff, | \* |
| v. | Case No. ELH-12-1895 |
| **THOMAS W. JOHNSON** | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6.  (ECF No. 9.)  Currently pending is plaintiff's Motion for Entry of Default Judgment ("Motion").  (ECF No. 10.)  No hearing is deemed necessary.  See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6.  For the reasons discussed herein, I respectfully recommend that plaintiff's Motion (ECF No. 10) be GRANTED and that relief be awarded as set forth herein.

I. **STANDARD FOR ENTRY OF DEFAULT JUDGMENT**

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001).  It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.  If the court determines that liability is established, the court must then determine the appropriate amount of

damages. Id. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). The court may make a determination of damages without a hearing, so long as there is adequate evidence in the record, such as detailed affidavits or documentary evidence, for the award. See, e.g., Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## II.     DISCUSSION

### A. Defendant's Liability

Plaintiff brings this suit under 46 U.S.C. § 31325(b)(2)(A) to enforce a claim for the outstanding indebtedness on a mortgage secured by the mortgaged vessel. This court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h). I have reviewed plaintiff's Complaint (ECF No. 1), and find that plaintiff has stated a cause of action based on defendant's failure to make payments on a Maritime Note and Security Agreement (the "Note") and a Preferred Mortgage of Vessel (the "Mortgage"). On April 5, 2001, American Bank extended a loan to defendant for the purchase of a 1993 44' Concordia Sailboat, HIN: CCZC0008I393 (the "Vessel"), evidenced by the Note. Defendant executed and delivered the Mortgage to American Bank, who is a "preferred mortgagee" under 46 U.S.C. § 31322. Plaintiff purchased and was assigned the Note and the Mortgage on December 28, 2007. Taking plaintiff's factual allegations as true, defendant defaulted on the Note and the Mortgage by failing to make the required payments. Pursuant to Paragraph 10 of the Note and Article II of the Mortgage, plaintiff repossessed the Vessel and sold it for $40,000.00 at a private, commercially reasonable sale. Plaintiff applied the proceeds of the sale of the Vessel to defendant's debt to plaintiff and then filed this action to recover the deficiency amount owed by

defendant pursuant to the Note and the Mortgage. (ECF No. 1.)

After defendant failed to answer or otherwise defend within twenty-one days, plaintiff properly moved, pursuant to Federal Rule of Civil Procedure 55(a), for an entry of default. (ECF No. 7.) The Clerk of this court entered defendant's default on September 28, 2012. (ECF No. 8.) On December 20, 2012, plaintiff filed the pending Motion (ECF No. 10), to which defendant has not responded. Accepting plaintiff's well-pleaded factual allegations, I find that plaintiff has stated a legitimate cause of action. Ryan, 253 F.3d at 780-81. In sum, plaintiff has demonstrated that it is entitled to a default judgment against defendant.

### B. Damages

Having determined that plaintiff has proven liability, the undersigned now undertakes an independent determination of the damages to which plaintiff is entitled. I have reviewed the documents attached to plaintiff's Complaint, as well as plaintiff's Motion and the attached affidavit of Geoffrey D. Kreller, plaintiff's Chief Operating Officer and Compliance Officer. (ECF Nos. 1, 11.) Based on these documents, including the calculations detailed in Mr. Kreller's affidavit, I find that plaintiff is entitled to recover defendant's outstanding balance on the Note and Mortgage. First, under the Note and the Mortgage, plaintiff is entitled to recover the deficiency balance of $78,903.68. This figure represents the unpaid principal balance, interest accrued before repossession, late charges, repair costs, survey/insurance costs, storage costs, and sale commission (totaling $118,903.68), less the proceeds of the sale of the Vessel ($40,000.00). (ECF Nos. 11 ¶ 11, 11-1 ¶ 9, 11-2 at Art. II § 1(A)-(C), and 11-7.) Second, plaintiff is entitled to interest accrued, at the rate of 7.5% per annum, from the date of repossession to the date of sale of $4,653.16 ($16.21 per diem x 287 days). (ECF No. 11-7.) In addition, I find that, pursuant to the Note, interest continues to accrue at the rate of 7.5% per annum on the deficiency balance of

$78,903.68.  The amount of interest accrued from the date of sale through the date of the Motion is $3,258.21 ($16.21 per diem x 201 days).  (ECF No. 11 at 3.)  The total of the deficiency amount plus pre- and post-sale interest is $86,815.05 ($78,903.68 + $4,653.16 + $3,258.21).  (Id.)  Accordingly, I conclude that plaintiff's request for a total award of $86,815.05 is reasonable and documented in the record, and recommend granting this request.

Finally, plaintiff requests post-judgment interest at the statutory rate and costs.  I recommend granting post-judgment interest on the total award pursuant to 28 U.S.C. § 1961.  Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1031-32 (4th Cir. 1993) (award of post-judgment interest is required by federal law and should be awarded on the entire amount of judgment, including pre-judgment interest).  As to costs, however, I find that plaintiff has not presented evidence of any costs it has incurred.  Therefore, I recommend that plaintiff receive no award for costs.

### III.   CONCLUSION

In sum, I recommend that:

1. The court grant plaintiff's Motion for Entry of Default Judgment (ECF No. 10);
2. The court enter judgment in favor of plaintiff in the amount of $86,815.05 consisting of an award for the deficiency balance and pre- and post-sale interest; and
3. The court award plaintiff post-judgment interest at the statutory rate.

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant at the address listed on plaintiff's Complaint.  (ECF No. 1.)

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b.

Date:    3-21-13                                  /s/                    
                                                   Beth P. Gesner  
                                                   United States Magistrate Judge